Filed 11/19/15  P. v. Link CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078551 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM38606, CM039222, CM041321) |
| v. | |
| CHRISTOPHER ROBERT LINK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Robert Link has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On April 3, 2013, law enforcement approached defendant who was standing on the lawn in front of a home they suspected was associated with the sale, possession, and use of methamphetamine. Defendant was sweating and nervous; he advised the detectives that he had a knife. After he ignored the detectives' order to keep his hands out of his pockets, the detectives detained defendant and conducted a patdown search. They found a nine-inch-long fixed-blade knife, with a five-inch blade, in a nylon sheath concealed underneath defendant's front waistband. They arrested defendant and subsequently found approximately 0.3 grams of methamphetamine on his person.

The People later charged defendant in Butte County Superior Court case No. CM038606 with carrying a dirk or dagger (Pen. Code, § 21310)[1] and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). Defendant was released on his own recognizance.

On June 19, 2013, defendant failed to appear in court. Accordingly, the People charged defendant in Butte County Superior Court case No. CM039222 with felony failure to appear in violation of section 1320, subdivision (b). The People also alleged defendant committed the offense while he was released from custody on bail or his own recognizance (§ 12022.1).

On October 23, 2013, defendant pleaded no contest to carrying a dirk or dagger in case No. CM038606 and failing to appear in case No. CM039222. Defendant also admitted he committed the crime of failing to appear while he was out of custody on his own recognizance. In exchange for his plea, the People moved to dismiss (with a *Harvey*[2] waiver) the remaining charge in case No. CM038606 as well as two other, unrelated cases. The court granted the People's motion.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

On November 20, 2013, the trial court suspended imposition of sentence and placed defendant on formal probation for 36 months. The court ordered defendant to pay various fines and fees and to serve 63 days in county jail, giving him 63 days of custody credit.

On June 4, 2014, defendant was found with four codeine pills. As a result, the People charged defendant with possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in Butte County Superior Court case No. CM041321. Defendant pleaded no contest to the charge and the trial court sentenced him to 36 months of Proposition 36 probation.

On July 9, 2014, the People filed a petition alleging defendant violated his probation in case No. CM041321 by failing to meet with his probation officer. Defendant admitted the violation.

The following week, the People filed a petition alleging defendant violated his probation in all three cases by failing to appear for drug testing. Defendant admitted the violations. The court reinstated defendant's probation and ordered him to complete residential drug treatment, as directed by the probation department. Defendant acknowledged he would not receive any custody credits while he was in residential treatment.

On January 9, 2015, the People filed another petition alleging defendant violated his probation in all three cases. Specifically, the People alleged defendant failed to appear for drug testing on five separate occasions, terminated his participation in the residential drug treatment program, and failed to meet with his probation officer. Defendant admitted that he failed to drug test on July 25, 2014, and the remaining allegations were dismissed with *Harvey* waivers.

The trial court then sentenced defendant, pursuant to a stipulated sentence, to an aggregate term of four years four months in county prison.  (§ 1170, subd. (h)(1), (2).)  The trial court additionally lifted the stay of the $280 probation revocation fine and ordered all previously imposed fines and fees to be paid.  Defendant waived all of his custody credits.

Defendant filed a timely notice of appeal.  His request for a certificate of probable cause was denied.

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

      BUTZ      , Acting P. J.

We concur:

      DUARTE     , J.

      HOCH     , J.

4